UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT SMITH #579741      CIVIL ACTION NO. 17-cv-0984

VERSUS      JUDGE DOUGHTY

ROBERT DAVIS      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Robert Smith ("Plaintiff") is a self-represented prisoner who was formerly housed at the David Wade Correctional Center ("DWCC"). He filed this civil rights action against Correctional Officer Robert Davis based on allegations that Davis sexually assaulted and harassed him. Before the court is Davis' Motion for Summary Judgment (Doc. 35) that asserts the defenses of failure to exhaust administrative remedies and qualified immunity. For the reasons that follow, it is recommended that the motion be granted.

### Background Facts

Plaintiff's first communication with the court regarding this matter was a letter in which he alleged that he was sexually assaulted in his cell on July 21, 2017. The letter stated that Plaintiff filed a complaint against Sgt. Robert Davis under the Prison Rape Elimination Act ("PREA"). Plaintiff wrote that Sgt. Davis "grabbed my butt and pressed his hard penis in my back," and stopped only when Plaintiff broke out of his handcuffs, fought off Davis with mixed martial arts, and placed the handcuffs on Davis before shoving

him out of the cell. Plaintiff also wrote that he had "been raped more than once by the same inmate" with nothing done about it. Doc. 1.

Plaintiff concluded his initial submission, which was styled as a letter to the clerk of court, by saying that he was trying to get some outside help to pursue his legal claims. The court responded by providing Plaintiff a copy of a Section 1983 complaint, which Plaintiff then filed (Doc. 4). Plaintiff's complaint named Robert Davis as the sole defendant. He alleged that Davis came to his cell to take Plaintiff for his shower but, after Plaintiff was handcuffed behind his back and on his knees, Davis "grabbed my butt and pressed his hard penis in my back" even though Plaintiff told him to stop. Davis left the cell but then stood in front of a tier door "licking his lips why watching me shower!" Plaintiff stated: "This happened July 19, 2017." Plaintiff attached a copy of a PREA complaint form to his judicial complaint. The PREA complaint also referred to the date of the incident as July 19, 2017. The form indicated that an investigation determined the allegation to be unsubstantiated.

Sgt. Davis' summary judgment materials include a copy of the administrative remedy process grievance filed by Plaintiff, along with related investigative materials and findings. Plaintiff's grievance began: "This is a PREA report that is July 19, 2017 hearby correct word for word!" Plaintiff wrote that he was taken to the showers and, "I keep on seeing Sgt. Davis standing out A tier door just staring at me why I was showering and he keept on licking his lips!" Plaintiff added allegations that Davis was a pervert and a predator, and that he had threatened to choke Plaintiff. Plaintiff wrote, "This is on July 17, 2017 after haircuts!" The grievance did not make any reference to alleged sexual contact.

Plaintiff complained only that Davis stared, licked his lips, and threatened to choke Plaintiff.

The step one grievance investigation included the submission of written statements by Sgt. Davis and two coworkers. Davis wrote that he adamantly denied the allegations. "I never kept licking my lips while offender Smith was showering." He also denied that he sexually harassed Plaintiff or threatened to choke him. The coworkers stated that they never saw Davis licking his lips or acting other than in a professional manner. The first step response noted that the investigating officer had reviewed the statements and video surveillance, although the date of the video was not mentioned in the report. The finding stated that, during the time Plaintiff was in the shower, Sgt. Davis was busy conducting showers on other tiers, and he "did not stand at the tier door at all." The grievance was deemed to be without merit.

Plaintiff requested review at step two, the final step, before the Secretary of the DOC or his designee. He wrote that he had a witness who saw Sgt. Davis "standing there licking his lips but he did threaten to choke me" when he was on the tier. The secretary received the step two request on August 21, 2017. The date of the decision, which is potentially important, is not legible on the copy submitted by Sgt. Davis. The step two finding summarized the earlier findings and determined that Plaintiff failed to provide evidence to substantiate his allegations.

Sgt. Davis testifies in an affidavit that he continues to be employed at DWCC and was working in Plaintiff's unit on July 19, 2017. He testifies that "[a]t no time on July 19, 2017" did he grab Plaintiff's buttock, press his penis into the back of Plaintiff, watch

Plaintiff shower and lick his lips, or sexually assault Plaintiff. Coworkers Paul Pitts and Rodney Long offer corroborating affidavits in which they state they were working the same shift with Sgt. Davis on July 19, 2017. They deny that at any time on July 19 did they observe Sgt. Davis committing any of the complained of acts.

**Summary Judgment Burdens**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Eighth Amendment Claim**

The sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. Brown v. Sloan, 2010 WL 476720 (W.D. La. 2010), citing Boddie v.

Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective and subjective element. First, the assault must be objectively sufficiently serious. Second, the official involved must have acted with deliberate indifference, meaning a sufficiently culpable state of mind. Id. The Eighth Amendment is not triggered by de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind. Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (unpublished). "[N]ot every malevolent touching gives rise to a federal cause of action." Id.

Courts have rejected claims that involved sexual contact that was much more offensive than alleged by Plaintiff. In Copeland, a prison pharmacist fondled an inmate's penis on three separate occasions and fondled his anus once. There was no evidence of any physical or psychological injuries from the episodes. The Fifth Circuit found that the touchings, though despicable, did not involve a harm of such federal constitutional proportions that they rose to the level of an Eighth Amendment violation. In McGill v. Corrections Corp. of America, 2009 WL 790363 (W.D. La. 2009) the court dismissed a claim based on allegations that a physician fondled the inmate's penis and testicles without consent. Boddie affirmed the dismissal of a complaint by a male prisoner who alleged that a female officer touched and pressed against him a number of times without his consent. The inmate in Brown alleged that an officer "sexually fondled" him during a shakedown, but he did not allege any injury. Judge Drell adopted the recommendation of Magistrate Judge Kirk that the incident, if true, could potentially be the basis of a state law tort action but did not involve harm of federal constitutional proportion.

Other decisions have rejected similar claims. See, e.g., Legarde v. Metz, 2015 WL 3648628 (M.D. La. 2015) (prisoner alleged officer approached with his penis out and ordered the prisoner to perform oral sex, refusal of which was followed by verbal harassment; summary judgment granted for defendant); Wright v. Thompson, 2015 WL 3282955 (W.D. La. 2010) (officer asked for sex and touched inmate's penis; complaint dismissed for failure to state a claim); Washington v. City of Shreveport, 2006 WL 1778756, *5 (W.D. La. 2006) (allegations that, over the course of four days, defendant fondled plaintiff's breast, touched her inner thigh, grabbed her wrist, verbally asked for sex, and made other sexual remarks were insufficient); Cooper v. Caddo Correctional Center, 2007 WL 471185 (allegations that prison officer verbally harassed inmate and grabbed his buttocks while the inmate was urinating did not state an actionable claim); Harold v. LeBlanc, 2014 WL 2611725 (W.D. La. 2014) (claim that prison officer grabbed inmate's buttocks through his underwear did not state an actionable claim); and Mitchell v. Miller-Roach, 2011 WL 5865232, *4 (N.D. Tex. 2011) (allegations of sexual gestures and staring were insufficient).

There is some confusion in the record as to the precise date at issue, but Plaintiff was clear in his formal complaint (Doc. 4) that the events he alleged "happened July 19, 2017." Sgt. Davis specifically denies that he sexually assaulted or otherwise mistreated Plaintiff "on July 19, 2017," but he does not deny that he committed such acts on July 17 or 21, which are the other dates on which Plaintiff has alleged the events took place. Davis' testimony would have more force if it were not so narrow, but the court does not weigh the

evidence in a summary judgment contest. What Davis offered, although it certainly has grounds for improvement, was sufficient to meet his summary judgment burden.

The burden then shifted to Plaintiff to demonstrate the existence of a genuine dispute of a material fact. Plaintiff received notice of the motion, which the court ensured was mailed to his new address at a different prison, and ample opportunity to respond. Docs. 38 & 39. Plaintiff filed nothing in response to the motion, so he has not met his summary judgment burden. Sgt. Davis is, therefore, entitled to summary judgment on his qualified immunity defense and the merits of the case.

**Administrative Exhaustion**

Congress requires that prisoners who bring suits related to the conditions of their confinement must first exhaust available administrative remedies. 42 USC § 1997e(a). The grievance procedure for prisoners at DWCC is a two-step process. Thomas v. Goodwin, 2018 WL 1613794 (W.D. La. 2018). Section 1997e precludes Plaintiff from filing suit while the administrative complaint is pending. Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted days after suit was filed.)

Plaintiff first contacted the court by letter on August 1, 2017. That was the same day Plaintiff commenced step two of his administrative process, so this suit is premature if that initial letter is treated as the complaint.

A fair review of the letter demonstrates that it is arguably not a complaint but merely a request for help. The clerk of court responded to that request by providing Plaintiff with forms, and Plaintiff filed a formal complaint on August 25, 2017. The Secretary of the

DOC noted on his final step-two decision that the request was received in his office on August 21, 2017. The date the decision was issued is handwritten and is not legible on the copy filed with the court. Doc. 35-5, pg. 11. It is quite likely that the Secretary did not complete the administrative review until well after the August 25, 2017 filing of Plaintiff's formal complaint. If that is the case, then this action would have to be dismissed based on Sgt. Davis' second defense that Plaintiff did not exhaust his administrative remedies before he filed his suit. But that defense cannot be resolved in Davis's favor absent a copy of the step-two decision that bears a legible date. Davis is free to file such a copy, if he has one, during the objections period that follows this recommendation.

Sgt. Davis offers an alternative exhaustion argument that the allegations in the judicial complaint (physical sexual assault) were not exhausted because they were not mentioned in the administrative grievance. Davis is correct that Plaintiff's grievance alleged only that (1) Davis stared at Plaintiff and licked his lips while Plaintiff was showering and (2) Davis threatened to choke Plaintiff. Plaintiff arguably did not properly exhaust the claims presented in this lawsuit because his grievance may not have provided prison administrators with a fair opportunity under the circumstances to address the problem that later formed the basis of this suit. See Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004); Fisher v. Nail, 2018 WL 1660330, *3 (W.D. La. 2018) (discussing which claims are within the scope of a grievance). The court need not make a decision on that defense, given the recommendation above that the complaint fails on the summary judgment challenge to its merits.

Accordingly,

It is recommended that Robert Davis' Motion for Summary Judgment (Doc. 35) be granted and Plaintiff's complaint be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of April, 2019.

Mark L. Hornsby
U.S. Magistrate Judge